# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

SCOTTY LEE GIRARDIN      )
                                  )
        Plaintiff,              )
v.                               )      No. 1:14-cv-0079
                                    )      Chief Judge Haynes
ARVIL CHAPMAN *et al.*,         )
                                  )
        Defendants.           )

## MEMORANDUM

Plaintiff, Scotty Lee Girardin, a state inmate at the South Central Correctional Center ("SCCC") in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against Defendants: Warden Arvil Chapman, "Sky Lab Unit Manager" Michael Parrish, "Sky Lab Unit Case Manager" Rhonda Staggs, and TDOC Commissioner Derrick Schofield. Plaintiff alleges that despite multiple assaults and threats to his personal safety, the Defendants have been deliberately indifferent to the serious and credible threats to Plaintiff's personal safety. Plaintiff seeks injunctive relief to be placed in protective custody or transferred to a prison that is not operated by Corrections Corporation of America. Plaintiff also seeks expungement of his disciplinary report for refusing a cell assignment to protect his safety and reinstatement of his "good time" credits.

According to his complaint, on March 15, 2014, Plaintiff was assaulted twice by members of the Brotherhood Forever gang. On the first assault, three gang-member inmates came into his cell, beat him up, and then told Plaintiff to "leave or they would kill [him]." (Docket Entry No. 1, Complaint at 5.) Later that day, the same inmates were at his cell and beat him again, stole some of his possessions, and told him "they were serious about killing [him]." *Id.* Plaintiff states: "I believed them this time." *Id.*

On March 19, 2014, Plaintiff alleges that he received word that Brotherhood Forever gang members were on their way to assault him again or kill him. Plaintiff told the Defendants about this report and that he feared for his life and requested to be placed in protective custody. At the time, Plaintiff was in the prison infirmary for seven days on Protective Custody Investigation ("PCI"). On March 26th, the Protective Custody Board, consisting of Michael Parrish and Rhonda Staggs, conducted a brief hearing and informed Plaintiff that they lacked sufficient evidence to place him in protective custody and ordered Plaintiff to return to the compound.

Plaintiff refused to return to his cell in the general prison population. Plaintiff received a disciplinary charge for refusing his cell assignment and was placed in punitive segregation, where Plaintiff apparently remains. Plaintiff insists that the Defendants acted with total disregard for his well-being and that he is being punished for something that is not his fault. Plaintiff alleges he was placed in protective custody in two prior prison placements for similar incidents.

Under the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review of any *in forma pauperis* or prisoner complaint to assess whether the complaint states a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The plausibility standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering whether a *pro se* prisoner's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To state a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002) (citations omitted).

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations and internal quotation marks omitted). In a word, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (citations and internal quotations omitted). To state this Eighth Amendment claim, a plaintiff must allege (1) a deprivation that is objectively "sufficiently serious," for example, that the plaintiff is "incarcerated under conditions posing a substantial risk of serious harm," and (2) that the defendant prison official has a "sufficiently culpable state of mind," specifically one of "deliberate indifference" to inmate health or safety. *Id.* at 834 (citations and internal quotations

omitted). For the first prong, "[i]n the abstract, one prison inmate's threat to the health and safety of another inmate is 'sufficiently serious' to satisfy this requirement." *Williams v. McLemore*, 247 F. App'x 1, 9 (6th Cir. June 19, 2007). For the second prong, deliberate indifference means "know[ing] of and disregard[ing] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Here, Plaintiff alleges facts of two assaults and a subsequent threat that are sufficient to show a deprivation that objectively is "sufficiently serious." The Court also takes judicial notice that a number of gang-related stabbings have taken place at SCCC over the past year. In addition, in response to the denial of Plaintiff's request to be placed in protective custody, Plaintiff refused his cell assignment, and incurred a disciplinary charge. These allegations of collateral consequences to avoid release into general prison population, give plausibility to Plaintiff's allegations of serious threats to his personal safety.

Plaintiff also alleges facts that Defendants Michael Parrish and Rhonda Staggs knew of and continued to disregard the risks to Plaintiff's personal safety by denying his request for protective custody. Plaintiff's factual allegations state colorable claims against Defendants Arvil Chapman and Derrick Schofield in their individual and official capacities, insofar as the complaint gives rise to a reasonable inference that the Defendants, as a policy matter, have failed to take any effective steps to provide for the personal safety of inmates and guards at SCCC, including Plaintiff.

In sum, the Court concludes that Plaintiff states viable claims for relief. An appropriate Order is filed herewith.

**ENTERED** this the _____ day of July, 2014.

WILLIAM J. HAYNES, JR.
Chief United States District Judge